UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFREY S. HAYNES,

        Plaintiff,                Case No. 1:17-cv-80

v.                                        Honorable Gordon J. Quist

BULLER BRYAN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Bryan and Mulaix. The Court will serve the complaint against Defendants Williams, Page and Bien.

## Discussion

    I.    Factual allegations

Plaintiff Jeffrey S. Haynes presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility. The actions about which he complains,

however, occurred while he was housed at the Michigan Reformatory (RMI) and the Muskegon Correctional Facility (MCF). Plaintiff sues the following Defendants: RMI Nurse Buller Bryan; RMI Dr. Schnuggerow Williams; MCF Nurse Barber Mulaix; MCF Nurse (unknown) Page; and MCF Physician Assistant (PA) (unknown) Bien.

Plaintiff alleges that he contacted health care on March 7, 11, 17, and 26, 2013, as well as April 1 and 4, 2013, complaining about the inadequacy of pain medication he was being provided for the treatment of ankle pain that resulted from a serious operation. Plaintiff alleges that Defendant Bryan would never place Plaintiff on a list to be seen by the doctor. Plaintiff was not given an appointment to see the medical practitioner until other nurses responded to his grievances. Plaintiff complains that he was denied care for over 30 days, which he contends violated prison policy and the Due Process Clause, as well as the Eighth Amendment.

On June 26, 2013, Plaintiff submitted a request to be seen by the medical provider about being prescribed a cane. Defendant Nurse Mulaix refused to allow Plaintiff to see the doctor, because, she opined, "a cane will not help plaintiff[']s situation . . . ." (Compl, ECF No. 1, PageID.5.) Plaintiff alleges that the response ignored his continuing pain, which resulted from a broken screw that remained in his ankle bone. He further contends that Defendant Mulaix was not qualified to make the determination that he did not need a cane. Plaintiff contends that Mulaix was deliberately indifferent to his serious medical needs.

Plaintiff alleges that, on June 2, 2014, he requested stronger pain medication, because his pain regimen of Naproxen, Depakote and Tylenol were not adequate to provide pain relief. Defendant Dr. Williams responded to the request on June 10, 2014. In denying a change to pain medications, Defendant Dr. Williams noted that Plaintiff previously had received prescription shoes, a cane, and an ankle brace and that he had been on a variety of pain regimens. Defendant Williams also noted that Plaintiff was scheduled for a follow-up with the medical provider that same day and

was "also scheduled for ankle hardware removal in the near future." (*Id.* (emphasis omitted)). Plaintiff complains that Williams was deliberately indifferent to his situation, because he did not change the medication, notwithstanding the fact that the broken screw was never removed, even as of the date the complaint was drafted, in November 2016. Plaintiff alleges that he remains in ongoing pain.

Plaintiff next complains that, on July 22, 2014, Defendant Nurse Page refused to bring Plaintiff's medications to his cell, despite knowing that Plaintiff was on a medical lay-in as a result of an operation on his ankle on July 17, 2014. Defendant claimed that the discharge instructions allowed Plaintiff to bear weight with the use of crutches, as tolerated, despite cautioning against excessive activity and stairs. Plaintiff contends that Defendant Page disregarded Plaintiff's own claims that his pain was too severe to walk down the hall, partly because the medication distribution occurred when his earlier pain medication was wearing off. Plaintiff alleges that Defendant Page was deliberately indifferent to his serious medical need. He also alleges that Page was the only nurse who refused to bring his medication to the cell and that Page did so in retaliation for Plaintiff's numerous grievances.

In his final set of allegations, Plaintiff alleges that, on November 19, 2014, after Plaintiff had been transferred to MCF, Defendant PA Bien refused to submit a special accommodation notice to Lansing that would authorize Plaintiff to receive special shoes. Defendant Bien also took the special shoes that had previously been ordered for Plaintiff. Plaintiff asserts that the shoes had been recommended by a therapist and authorized by a doctor, and Defendant PA Bien lacked the authority under prison policy to remove the accommodation without an examination by a doctor. Plaintiff alleges that Bien's conduct constituted deliberate indifference to his serious medical need.

For relief, Plaintiff seeks an injunction requiring the issuance of adequate pain medication, as well as compensatory and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH.

COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims against Defendants Bryan and Mulaix concerning conduct that occurred in April and June 2013. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued in early to mid-2013. However, he did not file his complaint until January 18, 2017,[2] well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[2] Under Sixth Circuit precedent, the complaint is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his complaint on January 18, 2017, and it was received by the Court on January 23, 2017. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action against Defendants Bryan and Mulaix must be dismissed as frivolous.

Upon initial review, the Court concludes that Plaintiff's allegations against Defendants Williams, Page and Bien are sufficient to warrant service of the complaint on them.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Bryan and Mulaix will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Williams, Page and Bien.

An Order consistent with this Opinion will be entered.


Dated:  February 17, 2017                         /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE