UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY S. HAYNES,

    Plaintiff,

v.

WILLIAM SCHMUGGEROW, M.D., et al.,

    Defendants.

_____/

Case No. 1:17-CV-80

HON. GORDON J. QUIST

## ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION

Plaintiff Jeffrey Haynes brought a civil rights action under 42 U.S.C. § 1983. Magistrate Judge Phillip Green issued a Report and Recommendation (R & R) (ECF No. 42), recommending that the Court dismiss all claims against Defendant Page, deny Defendants Schmuggerow and Hoover's motion to dismiss (ECF No. 17) and grant Defendants Schmuggerow and Hoover's motion for summary judgment. (ECF No. 30.) Haynes filed an objection (ECF No. 43), and Schmuggerow and Hoover responded. (ECF No. 47.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, Haynes' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part.

The R & R recommended dismissing Defendant Unknown Page under Federal Rule of Civil Procedure 4(m) because of a failure to achieve service of process. Haynes did not object to the R & R's conclusions on this matter, and therefore any objection to this issue is deemed waived. *See, e.g.*, *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987) (stating that "making some objections but failing to raise others will not preserve all the objections a party may have").

The R & R recommended dismissing Haynes' claims against Schmuggerow and Hoover because he has not presented sufficient evidence to support an Eighth Amendment claim for deliberate indifference, and Haynes' disagreement with the treatment they provided does not support a valid Eighth Amendment claim. Haynes fails to show otherwise in his objection. Instead, he restates earlier arguments from his response to the motion for summary judgment, and makes legal assertions without addressing the legal and substantive issues raised in the R & R. Accordingly, the Court will adopt the R & R for Haynes' Eighth Amendment claim.

The R & R alternatively recommended dismissing Haynes' claims against Schmuggerow because Haynes failed to exhaust his remedies in the prison grievance system. Haynes objects that he did, and includes a copy of his grievance that he asserts he pursued through Step III, which includes allegations against Schmuggerow. (ECF No. 43-1.) In support of his motion, Schmuggerow included a certified copy of Haynes' Step III grievance report. The grievance that Haynes asserts he submitted at Step III is absent from the report. (ECF No. 30-2.) Haynes states that he did submit his Step III and never received a response to it.[1] (ECF No. 43.) Because the

---

[1] Haynes' Step II grievance was rejected as untimely, however in his purported Step III appeal, Haynes argued that he did not receive his Step II grievance until two weeks after the appeal deadline. (ECF No. 43-1 at PageID.422.)

claims against Schmuggerow will be dismissed on the above Eighth Amendment grounds, however, this issue does not save Haynes from dismissal.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's R & R (ECF No. 42) is **APPROVED AND ADOPTED IN PART** as the Opinion of this Court. Plaintiff's Objections (ECF No. 43) as to exhaustion are moot.

**IT IS FURTHER ORDERED** that Defendants Schmuggerow and Hoover's Motion to Dismiss (ECF No. 17) is **DENIED**, and their Motion for Summary Judgment (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Unknown Page is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer (ECF No. 45) is **DENIED** as moot.

The case is **concluded**.

A separate judgment will issue.


Dated: March 20, 2018                               /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE

---

Schmuggerow did not respond to this particular argument in his response, instead broadly arguing that Haynes failed to specify to which parts of the R & R he was objecting to. (ECF No. 47.) Whether Haynes had a valid reason for filing an untimely appeal is another question of fact.